Ann **FLUKINGER**, et al., Appellants,

v.

Robert L. **LEHMAN**, et al., Appellees.

No. B2683.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 8, 1981.

Rehearing Denied July 29, 1981.

W. R. Malone, Harry A. Walsh, III, Huntsville, Helen V. Schnell, Houston, for appellants.

Michael Noonan, Robert L. Ketchand, Louis Paine, Eliot Shavin, Butler, Binion, Rice, Cook & Knapp, William K. Wilde, J. Woodfin Jones, Mark E. Lowes, Bracewell & Patterson, Houston, for appellees.

Before COULSON, MILLER and MURPHY, JJ.

COULSON, Justice.

Appellants, Ann Flukinger, Lorraine Krutilek, Victor Krutilek, and Birdie Hilsher, appeal from the granting of a motion for summary judgment rendered in favor of appellees, Robert E. Lehman, North Side Bank, Dunbar N. Chambers, Jr., and John E. Green. Appellants had sued appellees and defendants, Walter A. Riddle, William J. Straughan (individually and doing business as SRS Enterprises, Inc.), Chambco, Inc., and Robert L. Hilsher, alleging several causes of action. We reverse and remand.

Appellants first sought a declaratory judgment against appellees and defendants that a purported sand and gravel lease on appellants' property was void ab initio or alternatively that it be cancelled. Appellants alleged that they had executed and delivered to defendant, Robert L. Hilsher, an agency agreement which authorized Hilsher to negotiate with third parties for the sale of gravel leases. Appellants claim that without authority to do so, Hilsher executed and delivered a sand and gravel lease to defendants Straughan and Riddle, and to Skeen. These parties signed the lease individually and Straughan also signed as President of SRS Enterprises, Inc. Appellants alleged that these parties wrongfully began excavating on the property and selling sand and gravel. Appellants wanted this lease of May 10, 1979, declared void ab initio. On July 10, 1979, Straughan, Riddle, Skeen, and SRS Enterprises, Inc., as mortgagors, executed a deed of trust and security agreement covering the sand and gravel lease, to Robert L. Lehman, trustee, for the use and benefit of North Side Bank. Appellants claim that North Side Bank thereafter designated defendant Chambco, Inc., to perform excavation. On November 6, 1979, North Side Bank executed a release of the deed of trust lien. On November 26, 1979, Straughan, Riddle, Skeen, and SRS Enterprises, Inc., assigned their interest in the sand and gravel lease to Chambco, Inc. Appellants alleged all defendants were conspiring to conceal from appellants the identity of the particular defendant performing excavation. Appellants, in addition to the declaratory judgment, sought an injunction and damages for fraud, trespass, and conversion.

Appellees filed motions for summary judgment. The trial court granted the motions, finding there was no fact issue re-

garding appellants' cause of action against appellees for a declaratory judgment to declare the lease as void ab initio or to cancel the lease of May 10, 1979. After granting this partial summary judgment, the court severed from the original suit the cause of action for declaratory judgment as to these defendants. Appellants' cause of action for declaratory judgment against the remaining original defendants is still pending as are the other causes of action against all defendants (including appellees). Thus this appeal only concerns the granting of the motions for summary judgment of appellees on the declaratory judgment action.

■ Appellants claim that appellees were proper parties to a suit to cancel the sand and gravel lease and that the granting of the summary judgment as to appellees was error. We agree. The Uniform Declaratory Judgments Act provides that any person interested under a contract or whose rights, status, or other legal relations are affected by a contract, may have determined questions of construction or validity arising under the contract. Tex.Rev.Civ.Stat.Ann. art. 2524–1 § 2 (Vernon 1965). The Act directs that when declaratory relief is sought, all persons who have or claim any interest which would be affected by the declaration, shall be made parties. Tex. Rev.Civ.Stat.Ann. art. 2524–1 § 11 (Vernon 1965). Appellees claim that appellants can not seek a declaratory judgment to declare the lease void as to appellees because appellees neither have nor claim any interest under the lease. This assumption by appellees is erroneous. It is undisputed that mortgagors SRS, Straughan, Riddle, and Skeen executed a deed of trust to Lehman and North Side Bank covering the lease. The Bank later released its interest and an assignment was made to Chambco, Inc., of which Chambers is Chairman of the Board and Green is President. The original answers filed by appellees consist of general denials and affirmative defenses. Appellees claimed that appellants recognized and affirmed the existence of the sand and gravel lease, that appellants are estopped to deny the existence of the lease, and that appellants have waived any claims to cancel

the sand and gravel lease. It appears to us to be inconsistent that appellees in their answers assert the validity of the lease and a claim of right under the lease, but in this appeal claim that they never had nor now have any interest in the lease.

Appellants sought to have the lease declared void ab initio or to have it cancelled because of the effect such action would have on the measure of damages. The rule has been stated as follows:

> One who willfully or in bad faith trespasses on the land of another and removes minerals is liable to the owner for their full value computed as of the time the trespasser converted them to his own use, or otherwise stated, the trespasser is liable for the enhanced value of the product when and where it is finally converted, without any deduction for expenses incurred, or for any value he may have added to the mineral by his labor....
>
> On the other hand, one who inadvertently, or under a claim of right or a bona fide belief of title, encroaches upon the land of another and mines or removes minerals therefrom is generally held to be liable in damages only for the minerals removed, based on their value *in situ*, that is, as they lay in the earth before being disturbed.

*Dahlstrom Corp. v. Martin*, 582 S.W.2d 159 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n. r. e.). Thus it is essential that there be a determination as to the validity of the lease as to appellees.

■ To have been entitled to a summary judgment that the lease was not void ab initio or that the lease should not be cancelled, appellees as movants for summary judgment had the burden of showing there was no genuine issue as to any material fact and that they were entitled to judgment as a matter of law. TEX.R.CIV.P. 166–A; *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex. 1979). Appellees failed in carrying this burden. Appellants alleged a conspiracy among all defendants (including appellees) in concealing the identity of the persons performing the

excavation work and in selling sand and gravel from the premises. In opposing appellees' motion for summary judgment, appellants pointed out factors which support the conspiracy allegations and included affidavits to that effect. The purported lease of May 10, 1979, is in the record and is not signed by appellants as owners but only by Robert Hilsher and William Hilsher as agents for lessors and by SRS, Straughan, Riddle, and Skeen as lessees. An affidavit by Victor Krutilek is in the record in which he states that he had seen Dunbar Chambers on the land in work clothes and had seen signs on the tract reading "Gravel Pit S.R.S. Enterprises Inc." and "Brazos Construction Materials." A letter to Helen Schnell from John Green, President of Chambco, Inc., is in the record in which Green states that Chambco is not removing sand and gravel from the leased premises but that SRS is performing the sand and gravel operations "pursuant to the sand and gravel lease now in effect." A memorandum with the stamp of North Side Bank which shows a loan request of $200,000.00 by SRS is in the transcript. Noted on the request are the statements "To provide working capital for a gravel mining operation in Fayetteville. This loan is made at the request of Dunbar Chambers who has entered into a joint venture with SRS to compliment Chambers' said operation." Dunbar Chambers is a shareholder and director of North Side Bank. The memo lists collateral for the loan as "assignment lease agreement dated May 10, 1979 . . ." The deed of trust and security agreement in favor of Lehman and North Side Bank are included in the record. The signatures of appellants as landowners are not on either the original sand and gravel lease or the purported assignment. The alleged original lease between the Hilshers as agents for lessors and SRS, Straughan, Riddle and Skeen, expressly provides that the lessee shall not assign the agreement or the leased premises without the consent of the lessors in writing.

The allegations by appellants of conspiracy among defendants, including appellees, were contained in appellants' original petition and in their opposition to the motions for summary judgment. The burden was then upon appellees as movants to exculpate themselves from the charge of conspiracy. *National Founders Corp. v. Central National Bank*, 521 S.W.2d 92 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n. r. e.). This appellees failed to do. An examination of the record shows that there are many fact issues involved in appellants' declaratory judgment action to have the lease declared void ab initio or to have it cancelled. The allegations of conspiracy made by appellants against appellees effect such an action. The trial court incorrectly granted the motions for summary judgment in this case. At the trial on the merits, appellants will have the burden of proving their allegations of conspiracy. The nature of that proof will effect their right to have the alleged lease voided or cancelled and the measure of any damages to which appellants may be entitled.

Reversed and remanded.